Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015
**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 432-0073

*Attorneys for Creditor Accolend, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No. 19-21051<br>Chapter 11 |
| PALMETTO CONSTRUCTION<br>SERVICES, LLC | Honorable Vincent F. Papalia |

### CREDITOR ACCOLEND LLC'S BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY TO GUARANTOR AND IN SUPPORT OF ITS CROSS-MOTION TO DISMISS BANKRUPTCY OR ALTERNATIVELY LIFT THE STAY

**MEISTER SEELIG & FEIN LLP**

Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015

*Attorneys for Creditor Accolend, LLC*

# TABLE OF CONTENTS

Page(s)

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** .......................................................................................... 1

**STATEMENT OF FACTS** ................................................................................................... 2

**ARGUMENT** ........................................................................................................................ 5

    I.   **NIA MENDY SHOULD NOT BE SUBJECT TO THE AUTOMATIC STAY** ................................................................................................................ 5

        a.   **Debtor's Motion is Improper** ................................................................ 5

        b.   **Even if Debtor Had Filed a Procedurally Proper Motion for a Preliminary Injunction, the Automatic Stay Should Not Be Extended to Nia Mendy** ....................................................................... 6

    II.   **THE DEBTOR'S BANKRUPTCY ACTION WAS FILED IN BAD FAITH WARRANTING DISMISSAL OR, IN THE ALTERNATIVE, RELIEF FROM THE STAY** ................................................................................. 9

        a.   **The Debtor's Petition Does Not Serve A Valid Bankruptcy Purpose** ..................................................................................................... 11

        b.   **The Debtor Filed This Bankruptcy As A Tactical Litigation Advantage** .............................................................................................. 12

**CONCLUSION** ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re 234-6 West 22nd St. Corp.*,
   214 B.R. 751 (Bankr. S.D.N.Y. 1997) ................................................................................ 10

*In re Bora Bora*,
   424 B.R. 17 (Bankr. D. P.R., 2010) ................................................................................ 2, 5

*In re Codfish*,
   97 B.R. 132 (Bankr.D.P.R.1988) .................................................................................... 6–7

*In re Integrated Telecom Express, Inc.*,
   384 F.3d, 108 (3d Cir. 2004) ..................................................................................... 9, 10, 11

*In re Int'l Home Products, Inc.*,
   491 B.R. 607 (Bankr. D. P.R. 2013) ................................................................................... 6

*In re Kaplan Breslaw Ash, LLC*,
   264 B.R. 309 (Bankr. S.D.N.Y. 2001) .............................................................................. 12

*In re Marsch*,
   36 F.3d 825 (9th Cir. 1994) ............................................................................................... 11

*In re National Staffing Services, LLC*,
   338 B.R. 35 (Bankr. N.D. Ohio 2005) ................................................................................ 8

*In re Philadelphia Newspapers, LLC*,
   407 B.R. 606 (E.D. Penn. 2009) ..................................................................................... 7, 9

*In re R&G Financial Corp.*,
   441 B.R. 401 (Bankr. D. P.R. 2010) ................................................................................... 7

*In re Ravick Corp.*,
   106 B.R. 834 (Bankr. D. N.J. 1989) ............................................................................ 11, 12

*In re SGL Carbon Corp.*,
   200 F.3d 154 (3d Cir. 1999) ........................................................................................ 10, 12

*In re Supermercado Gamboa*,
   68 B.R. 230 (Bankr.D.P.R.1986) ........................................................................................ 7

*In re Syndicom Corp.*,
   268 B.R. 26 (Bankr. S.D.N.Y. 2001) ................................................................................ 10

*In re Toth*,
269 B.R. 587 (Bankr. W.D. Pa. 2001) .................................................................................. 11

*In re Y.J. Sons & Co., Inc.*,
212 B.R. 793 (D. N.J. 1997) ................................................................................................ 11

*McCartney v. Integra Nat'l Bank N.*,
106 F.3d 506 (3rd Cir. 1997) ................................................................................................ 7

*Otero Mills, Inc. v. Security Bank & Trust, (In Re Otero Mills, Inc.)*,
21 B.R. 777 (Bankr. D. N.M. 1982) ..................................................................................... 8

*Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.*,
324 F.3d 197 (3d Cir.2001) ................................................................................................ 10

**Statutes**

11 U.S.C. § 105(a) ................................................................................................................ 6

11 U.S.C. § 362 ................................................................................................... 1, 2, 6, 7, 10

11 U.S.C. § 1112(b) .................................................................................................. 9, 10, 11

**Rules**

Fed. R. Bankr. P. 7001(7) ................................................................................................. 2, 5

**Other Authorities**

1978 U.S.C.C.A.N. 5963 ...................................................................................................... 9

H.R.Rep. No. 95-595 (1977) ................................................................................................ 9

Creditor Accolend, LLC f/k/a Asset Lending and Loans, LLC ("Accolend") respectfully submits this brief in opposition to debtor Palmetto Construction Services, LLC's ("Debtor's") motion to extend the automatic stay to Nia Mendy and find an issuance of the related arbitration award to be a violation of the automatic stay, and in support of Accolend's cross-motion to dismiss the within bankruptcy or, in the alternative, lift the automatic stay in place pursuant to 11 U.S.C. § 362.

## PRELIMINARY STATEMENT

Debtor filed this bankruptcy action, as well as the within motion, in bad faith, hoping to evade liability for an Arbitration Award in favor of Accolend for defaulted loans Accolend made to Debtor and to prevent Accolend from enforcing the mortgages and guaranties that secure such loans. Debtor has no ongoing business to salvage or genuine reorganization plan. Rather, Debtor seeks to use the protections of the Bankruptcy Code to stall and/or stymie Accolend's recovery under the loan agreements, which are Debtor's only secured creditor claims. It is for these reasons that this bankruptcy action should be dismissed or in the alternative the stay, as to Accolend's enforcement proceedings, should be lifted.

This is not Debtor's first attempt at avoiding liability under these loans. Indeed, during the pendency of the foreclosure actions and the arbitration proceeding between the parties, Debtor or its representative filed multiple purported emergency actions to try to thwart Accolend's recovery. None of the purported emergency actions amounted to any relief to Debtor or its representative – indeed, one such motion filed on the morning of the last day of the arbitration hearings resulted in a sanctions award to Accolend – and many of Debtor's tactics were characterized by the arbitrator as "frivolous." The filing of this bankruptcy action is no different.

Debtor's motion to extend the stay to Nia Mendy – a guarantor under the loans and one of

Debtor's unsecured creditors – is further evidence of Debtor's true intent; *i.e.,* to prevent Accolend from enforcing its rights under the loan agreements. Debtor offers no reasoning as to why the stay should extend to Nia Mendy beyond her being a guarantor. Nia Mendy does not have identical interests as the Debtor, as is self-evident by her being listed as Debtor's non-insider, unsecured creditor. Further, enforcement of Accolend's rights under the loans against Nia Mendy will in no way hinder the reorganization of Debtor; indeed, if anything, it will help to diminish Debtor's liabilities. Nonetheless, Debtor has the burden to prove that the stay should be extended to Nia Mendy and has failed to do so.

Moreover, Debtor's motion is procedurally improper. A request for extension of the automatic stay provisions of Section 362(a) to a non-debtor constitutes an action for injunctive relief and should be initiated by an adversary proceeding. *In re Bora Bora,* 424 B.R. 17, 24–25 (Bankr. D. P.R., 2010); Fed. R. Bankr. P. 7001(7). Not only did Debtor fail to commence an adversary proceeding for this relief, but Debtor does not even make a cursory attempt to set forth the standard for obtaining a preliminary injunction. That is because Debtor cannot meet the heightened requirements for injunctive relief, and its motion must fail.

## STATEMENT OF FACTS

Debtor filed its bankruptcy petition ("Petition") on May 31, 2019 after Accolend sought to enforce its rights under four defaulted loans it made to Debtor ("Loans"), and after multiple efforts by Debtor to delay Accolend's recovery under the Loans. (*See* the Declaration of Jeffrey Schreiber ("Schreiber Dec."), Ex. A; Dkt. 1).

In 2017, Debtor and Accolend executed a package of loan agreements for each of the Loans, which included, among other things, promissory notes and mortgages each secured by a different property. (Schreiber Dec., Ex. B; Ex. C). The first Loan was secured by the property

located at 290 Schooley Mountain Road, Long Valley, New Jersey ("Schooley Property"); the second was secured by the property located at 5160 Metropolitan Drive, New Orleans, Louisiana ("LA Property"); the third was secured by the property located at 11 Route 46, Columbia, New Jersey ("Route 46 Property"); and the fourth was secured by the property located at 19 Dover Milton Road, Oak Ridge, New Jersey ("Dover Property", together the "Properties"). (Schreiber Ex. C). The Loans secured by the Route 46 Property and Dover Property include guaranties executed by Nia Mendy as personal guarantor. (Schreiber Dec., Ex. D). The loan agreements for all four Loans contain cross-default and cross-collateralization provisions. (Schreiber Dec., Ex. B, §§ 18, 19). In April 2018, Debtor and Nia Mendy defaulted on one of the Loans causing all four Loans to be in default. (Schreiber Dec., Ex. G, p. 5).

On June 19, 2018, Accolend commenced an arbitration (the "Arbitration")[1] against Debtor and Nia Mendy to recover under the promissory notes and guaranties executed in connection with the three Loans secured by New Jersey properties.[2] (Schreiber Dec., Ex. E). On June 20, 2018, Accolend commenced two actions in New Jersey and one action in Louisiana to foreclose on the mortgages ("Foreclosure Actions").[3] (Schreiber Dec., Ex. F).

In March and April of 2019, the parties to the Arbitration participated in four days of hearings before the arbitrator, Robert E. Bartkus, Esq. ("Arbitrator"). (Schreiber Dec., Ex. G, p. 1). During the course of the Arbitration, Debtor, through its sole witness and sole representative

---

[1] *GBCap Fund, LP and Accolend, LLC v. Palmetto Construction Services, LLC and Nia Mendy,* AAA Case No. 01-18-0002-3789.

[2] Only three of the four Loans contained arbitration agreements, however, because of the broad language of the arbitration agreements and the cross-default provisions in all four Loans, the ultimate award included recovery of amounts due under all four Loans. (Schreiber Dec., Ex. G, p. 2-3).

[3] *GBCap Fund, LP and Accolend, LLC v. Palmetto Construction Services, LLC,* Docket No. F-012840-18 (Ch. Div., Morris County); *GBCap Fund, LP v. Palmetto Construction Services, LLC,* Docket No. F-012834-18 (Ch. Div., Warren County); *GBCap Fund, LP v. Palmetto Construction Services, LLC,* No. 18-6032 (Civil District Court for the Parish of Orleans, LA).

3

present at the Arbitration Edward Mendy, filed multiple purported emergency motions in the Federal District Court of New Jersey and New Jersey State Courts to enjoin or otherwise stall the Arbitration and Foreclosure Actions. (*See* Schreiber Dec., Ex. H; Ex. J; Ex. L). First, Edward Mendy filed a purported emergency motion in an action he commenced individually against Accolend and its affiliates in the Federal District Court of New Jersey[4] ("Federal Action"), which he scheduled to be returnable for a hearing on the morning of the previously scheduled first day of the Arbitration hearings. (Schreiber Dec., Ex. H). The District Court denied that emergency motion. (Schreiber Dec., ¶ 10; Ex. I). The day before the third day of the Arbitration hearings, Debtor's counsel Jared Geist – who is counsel in this action as well as the Arbitration and Foreclosure Actions – filed a second purported emergency motion in the New Jersey Superior Court, Bergen County, Chancery Division to stay the Arbitration. (Schreiber Dec., Ex. J). The Arbitrator characterized this filing as "frivolous," and Mr. Geist later admitted in a letter to Hon. Edward A. Jerejian, J.S.C. that such motion was "certainly moot" and that the still-filed "complaint needs to either be withdrawn or amended due to errors in fact." (Schreiber Dec., Ex. K; Ex. O at 591:8-10). Mr. Mendy then filed a third purported emergency motion in the Federal Action on the morning of the last day of the Arbitration hearings, at which time the Arbitrator had directed Mr. Mendy to appear and continue his testimony in the Arbitration. (Schreiber Dec., Ex. G, p. 9; Ex. L). This purported emergency motion resulted in a sanctions award in the Arbitration. (Schreiber Dec., Ex. G, p. 9). The Arbitrator characterized the purported emergent motion as "an absolutely frivolous application." (Schreiber Dec., Ex. O at 584:14-15).

      The Arbitration hearings ended on April 10, 2019, and the Arbitrator directed the parties to submit post-hearing briefs in May and early June. (Schreiber Dec., Ex. G, p. 5). On May 31,

---

[4]     *Edward Mendy v. Accolend, LLC, et al.,* Case No. 2:19-cv-00330-KM-SCM (D. N.J.).

4

2019, after Accolend submitted its post-hearing brief and just prior to the deadline for Debtor's post-hearing brief in the Arbitration, Debtor filed the Petition. (Schreiber Dec., Ex. A; Ex. G). On June 11, 2019, the Arbitrator issued an Order of Severance staying the Arbitration as to Debtor and proceeding against Nia Mendy as guarantor. (Schreiber Dec., Ex. G, p. 1). On July 12, 2019, the Arbitrator issued a final award ("Arbitration Award") against Nia Mendy, which also included the sanctions award against Edward Mendy individually, for just shy of $1 million. (Schreiber Dec., Ex. G). That same day, Edward Mendy filed a Notice of Voluntary Dismissal in the Federal Action, and Debtor filed a receipt for the filing fee of the Complaint in an adversary proceeding ("Adversary Proceeding") that is substantially the same as the complaint filed in the Federal Action.[5] (Schreiber Dec., Ex. M; Ex. N). Accolend has not been served in the Adversary Proceeding.[6]

## ARGUMENT

### I. NIA MENDY SHOULD NOT BE SUBJECT TO THE AUTOMATIC STAY

#### a. Debtor's Motion is Improper

As a threshold matter, Debtor's Motion should be dismissed as it is procedurally improper. A request for extension of the automatic stay provisions of Section 362(a) to a non-debtor constitutes an action for injunctive relief and should be initiated by an adversary proceeding. *In re Bora Bora,* 424 B.R. 17, 24–25 (Bankr. D. P.R., 2010); Fed. R. Bankr. P. 7001(7); *See also;* Alan N. Resnick and Henry J. Sommer, 3 *Collier on Bankruptcy,* ¶ 362.04[1] (16th ed. 2010)("Rule 7001(7) provides that a request for injunctive relief is governed by part VII of the Bankruptcy

---

[5]    The Federal Action was not the first time Debtor or Mr. Mendy filed this Complaint. Debtor filed substantially the same complaint as that in the Federal Action and in the Adversary Proceeding in the United States Central District Court of California under the caption, *Edward Mendy, et. al. v. Asset Lending and Loans, LLC, et al.,* Case No. CV-18-3588-DSF.

[6]    Nothing in this submission is intended to respond in any way to the Adversary Proceeding. Accolend reserves all of its rights regarding same.

5

Rules. This will mean that when the automatic stay of section 362 does not apply, injunctive relief will have to be sought by filing a complaint initiating an adversary proceeding and then seeking a temporary restraining order").

Debtor seeks to avoid the heightened scrutiny applied to a motion for a preliminary injunction, which is an "extraordinary and drastic remedy," as Debtor knows it does not meet the requirements for an issuance of injunctive relief. Indeed, notwithstanding its failure to file a separate action for injunctive relief, Debtor does not even so much as mention the elements required to obtain the relief sought or any facts in support thereof, as there are none. Debtor's outright failure to properly request an extension of the automatic stay to non-debtor Nia Mendy warrants denial of the within motion. *See In re Int'l Home Products, Inc.,* 491 B.R. 607, 627 (Bankr. D. P.R. 2013) (holding "the Defendants' counterclaim is not the proper procedural mechanism to request the extension of the provisions of the automatic stay to non-debtors since the same constitutes an action for injunctive relief and must be initiated in a separate adversary proceeding").

      **b. Even if Debtor Had Filed a Procedurally Proper Motion for a Preliminary Injunction, the Automatic Stay Should Not Be Extended to Nia Mendy**

Nonetheless, Debtor's motion also fails on the merits. The Bankruptcy Code extends injunctive power to the Bankruptcy Court through 11 U.S.C. § 105(a). In order to enjoin creditor's action against codebtors or guarantors, Bankruptcy Court should consider whether the movant requesting the preliminary injunction under Section 105(a) has satisfied the four factor test which consists of the following: (1) that the debtor would suffer irreparable injury if the injunction were not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on a defendant; (3) that the debtor has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction. *In re Codfish,* 97

6

B.R. 132, 135 (Bankr.D.P.R.1988) citing *In re Supermercado Gamboa,* 68 B.R. 230, 232 (Bankr.D.P.R.1986). Debtor has not addressed these four considerations, and nevertheless, is unable to do so.

Debtor cannot show that it will suffer irreparable harm if its request for an extension to the automatic stay is denied. 11 U.S.C. § 362 operates as a stay, "…applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor…to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "The scope of the protection of the automatic stay is broad, but it only stays actions against the debtor, hence the protections of the stay do not extend to entities such as, 'sureties, guarantors, [or] co-obligors.'" *In re R&G Financial Corp.,* 441 B.R. 401, 409 (Bankr. D. P.R. 2010) (*quoting McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509-510 (3rd Cir. 1997)). The protection of the automatic stay may *only* be extended to non-debtors if "unusual circumstances" are found to show that Debtor would suffer irreparable harm without the extension of the stay, which include: (i) where the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the related action at issue will have an adverse impact on the debtor's ability to accomplish reorganization. *In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 616 (E.D. Penn. 2009). Neither "unusual circumstance" is applicable here.

Debtor does not – and cannot – argue that Nia Mendy and Debtor have the same identity of interests such that enforcement of the Arbitration Award against Nia Mendy is the same as enforcement against Debtor. First, Nia Mendy is listed as an unsecured creditor who is "not [an] insider[]" in this action; hence, her interests by definition are adverse to Debtor in this action. (Petition at p. 6). Second, she is not listed as a "co-debtor' in the Schedule H of the Petition,

7

despite Debtor's motion suggesting otherwise. Thus, any purported claim that Nia Mendy and Debtor share an identity of interests is entirely without merit.

Debtor also cannot show the "unusual circumstance" that the Arbitration will have an adverse impact on the Debtor's ability to accomplish reorganization. First, the Arbitration ended, and therefore the Arbitration will not take any of Debtor's representatives or agents away from the reorganization process going forward. Second, there is no evidence or inference that Nia Mendy is at all involved in the reorganization process on behalf of Debtor. Indeed, she has not signed any of the relevant filings on behalf of Debtor, and there is no indication of her having an active role in the business functions of the Debtor entity. No other "unusual circumstances" exist so as to permit Debtor to obtain its requested relief. *See, e.g., In re National Staffing Services, LLC*, 338 B.R. 35 (Bankr. N.D. Ohio 2005).

As no such irreparable injury is shown, Debtor also cannot meet the requirement that such injury outweighs any harm which granting injunctive relief would inflict on Accolend. Indeed, the purpose of an independent guarantor is to protect a creditor's rights in the event that it cannot recover from the primary obligor, as is the case here. Accolend purposefully negotiated to have Nia Mendy guarantee the Loans so that she as an individual with specific credit could secure Debtor's Loans. Accolend is entitled to receive the benefit of its bargain. Further, Debtor has not asked for nny temporal limitation on the requested extended stay, which would greatly prejudice Accolend for an unknown amount of time.

Similarly, the Debtor cannot show that it has exhibited a likelihood of success on the merits, which in the context of a bankruptcy proceeding constitutes a successful reorganization. *Otero Mills, Inc. v. Security Bank & Trust, (In Re Otero Mills, Inc.),* 21 B.R. 777, 779 (Bankr. D. N.M. 1982). As stated above, there is no indication that Nia Mendy has any role in Debtor's ability to

reorganize successfully. Further, the public interest will be adversely affected by the granting of the injunction as the Debtor's liabilities would proportionally lessen by any recovery from the guarantor.

The merits of Debtor's motion is similar to that of debtor's motion in *In re Philadelphia Newspapers, LLC,* 407 B.R. 606, 617 (Bankr. E.D. Pa. 2009). In *Philadelphia Newspapers,* the Court found that "[t]here existed no 'unusual circumstances' which would justify invoking the bankruptcy court's equity jurisdiction and, thus, the court declined to extend the automatic stay to the non-debtor guarantors of Chapter 11 debtor-in-possession's (DIP's) alleged obligations, where, although guarantors were jointly and severally liable for amounts owed by DIP, their interests and DIP's interests not only lacked identity, but diverged, as any recovery by creditor against guarantors would proportionally lessen DIP's liability, the parties had a garden-variety surety relationship, not an indemnity relationship, and while failure to extend the stay might result in duplicative suits and inconsistent judgments, such duplication was a direct by-product of bankruptcy law and so was congressionally created and sanctioned." That is precisely the case here. Thus, the Court should deny Debtor's motion.

II. **THE DEBTOR'S BANKRUPTCY ACTION WAS FILED IN BAD FAITH WARRANTING DISMISSAL OR, IN THE ALTERNATIVE, RELIEF FROM THE STAY**

Under Bankruptcy Code section 1112(b), "the court may convert a case under [Chapter 11] to a case under Chapter 7...or may dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate for cause." 11 U.S.C. § 1112(b). The statute lists 10 non-exhaustive factors that may amount to cause. *In re Integrated Telecom Express, Inc.*, 384 F.3d, 108, 118, n.3 (3d Cir. 2004); H.R.Rep. No. 95-595, at 406 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6362 ("[The] list [contained in § 1112(b)] is not exhaustive."). Although not expressly stated

9

in section 1112(b), it is well settled that Chapter 11 bankruptcy petitions are subject to dismissal under § 1112(b) unless filed in good faith. *See, e.g., Integrated*, 384 F.3d at 119 (reversing denial of motion to dismiss); *In re SGL Carbon Corp.*, 200 F.3d 154, 159-62 (3d Cir. 1999) (dismissing bankruptcy case for bad faith filing). Similarly, it is well-established that a debtor's bad faith can constitute sufficient cause to grant relief from the stay pursuant to 11 U.S.C. § 362(d)(1). *See, e.g., In re Syndicom Corp.*, 268 B.R. 26, 48 (Bankr. S.D.N.Y. 2001) (granting relief from stay for bad faith filing); *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997) (granting relief from stay by reason of bad faith filing and noting that "the standards for bad faith as evidence of cause," whether in the context of dismissal or relief from the stay, "are not substantially different from each other").

The burden is on the debtor to establish that its petition has been filed in good faith. *Integrated*, 384 F.3d at 119; *In re SGL Carbon Corp.*, 200 F.3d 154, 162, n.10 (3d Cir.1999); *Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.)*, 324 F.3d 197, 211 (3d Cir.2001) ("The debtor bears the burden of establishing good faith.").

The Third Circuit Court of Appeals has focused on two inquiries that are particularly relevant to the question of good faith in Chapter 11 bankruptcy actions: (1) whether the petition serves a valid bankruptcy purpose, *e.g.*, by preserving a going concern or maximizing the value of the debtor's estate, and (2) whether the petition is filed merely to obtain a tactical litigation advantage. *See Integrated*, 384 F3d at 119-20; *SGL Carbon*, 200 F.3d at 165. When considering such relevant factors, it is evident that Debtor's petition was filed in bad faith and therefore should be dismissed or otherwise the enforcement of the Loans through the Foreclosure Actions and Arbitration Award should be relieved from the stay.

### a. The Debtor's Petition Does Not Serve A Valid Bankruptcy Purpose

"[I]f a petitioner has no need to rehabilitate or reorganize, its petition cannot serve the rehabilitative purpose for which Chapter 11 was designed." *Integrated*, 384 F.3d at 122; *See also In re Y.J. Sons & Co., Inc.*, 212 B.R. 793, 802 (D. N.J. 1997) (The absence of any likelihood of rehabilitation has been considered grounds for bad faith dismissal."); *In re Ravick Corp.*, 106 B.R. 834, 843 (Bankr. D. N.J. 1989) ("Dismissal of a case is appropriate where a case is not filed to achieve the valid, legitimate purposes of the rehabilitative provisions of Chapter 11."); *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) (dismissing Chapter 11 petition filed by state court judgment debtor solely for purpose of avoiding posting of appeal bond where judgment debtor had sufficient non-business assets to satisfy judgment, and noting that pursuant to 11 U.S.C. § 1112(b), courts have dismissed cases filed for a variety of tactical reasons unrelated to reorganization).

Here, Debtor's true motives in filing its Chapter 11 petition were not rehabilitative. Rather, Debtor intends to utilize the bankruptcy court to avoid Accolend's enforcement of the Loans and to renegotiate the terms of the Loans to diminish Debtor's ultimate liability after its admitted defaults. Indeed, this action is essentially a two-party dispute, as Accolend is the only secured creditor, and the catalyst of Debtor's filing was the Foreclosure Actions and Arbitration between Accolend and Debtor. Debtor does not have any operating business to reorganize. Instead, Debtor is relying on its purported claims related to the Loans, some of which have already been adjudicated in favor of Accolend, to fund any supposed reorganization plan. Thus, it is appropriate to dismiss this action and allow the non-bankruptcy forums to adjudicate the lender liability disputes. *See, e.g., In re Toth,* 269 B.R. 587 (Bankr. W.D. Pa. 2001) ("cause" existed to dismiss Chapter 11 petition filed by debtor who did not currently have any income or any business to reorganize, and who depended entirely upon successful litigation of lender liability claim to fund

11

her plan, where debtor also had no creditors other than lender against which she had filed such claims, and Chapter 11 case was essentially two-party dispute that could be pursued in non-bankruptcy forum); *In re Ravick Corp.*, 106 B.R. at 843 (Bankr. D. N.J. 1989) (dismissing Chapter 11 case for bad faith filing and stating that the debtor's "true motives in filing its Chapter 11 petition were not rehabilitative but were to utilize the bankruptcy court as a means of renegotiating the terms of its Contract... and the possibility of securing a purchaser that would enhance the debtor's ultimate profit on the Property.")

    b. **<u>The Debtor Filed This Bankruptcy As A Tactical Litigation Advantage</u>**

Debtor ultimately filed this bankruptcy action as a means of avoiding its liability to its lender, Accolend. The Third Circuit has stated that "because filing a Chapter 11 petition merely to obtain tactical litigation advantages is not within 'the legitimate scope of the bankruptcy laws,' courts have typically dismissed Chapter 11 petitions under these circumstances as well." *SGL Carbon*, 200 F.3d at 165.

In *In re Kaplan Breslaw Ash, LLC,* 264 B.R. 309 (Bankr. S.D.N.Y. 2001), the Bankruptcy Court lifted the stay and dismissed the bankruptcy action due to debtor's lack of good faith in filing for Chapter 11 where the Court found, among other things, that debtor filed its petition for the predominant purpose of blocking a mortgage holder/creditor from pursuing its remedies. That is exactly Debtor's purpose in this case.

Here, after the close of the Arbitration hearings and just prior to receiving an Arbitration Award in Accolend's favor, Debtor filed the within bankruptcy as a mechanism for avoiding liability under the Arbitration Award. Indeed, further evidence of Debtor's intent to avoid the ramifications of the Arbitration Award is Debtor's improper motion to extend the stay to its co-debtor under the Arbitration Award. Further, Debtor sought to stay the Foreclosure Actions from

12

moving forward by filing the within bankruptcy again to delay Accolend's relief and divert its rights related to the Properties by making them subject to this bankruptcy action. This is not Debtor's first time trying to use litigation tactics to avoid an ultimate award to Accolend under the Loans. Indeed, as the arbitrator noted in the Arbitration – who ultimately awarded Accolend sanctions against Debtor's principal and sole witness, Edward Mendy, for such tactics – Debtor and Edward Mendy's purported emergency motions to divert the Arbitration were "frivolous."

Debtor should not be permitted to use the Bankruptcy Court to evade liability to delay creditor's ultimate remedies. Thus, this action should be dismissed or the stay should be lifted as against Accolend in light of Debtor's bad faith.

## CONCLUSION

For the foregoing reasons, this Court, respectfully, should deny Debtor's motion and dismiss the within action as a bad faith filing or, in the alternative, lift the stay as to Accolend, LLC's enforcement proceedings.

Dated: East Brunswick, New Jersey
      August 13, 2019

Respectfully Submitted,

**MEISTER SEELIG & FEIN LLP**

_____
Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015

*Attorneys for Creditor Accolend, LLC*