| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| Caption in compliance with D.N.J. LBR 9004-2(c) | |
| **Geist Law, LLC**<br>Jared Geist, Esq.<br>25 Main Street<br>Suite 203<br>Hackensack, NJ 07601<br>Telephone: (201) 870-1488<br>Facsimile:  (201) 812-9659<br>Email: jared@geistlegal.com<br>*Proposed Counsel for Debtor and*<br>*Debtor in Possession* | Chapter:  11 |
| **In re:**<br>   **PALMETTO CONSTRUCTION SERVICES, LLC,**<br>                              Debtor | Case No:  19-21051<br><br>Judge:    VFP |

## APPLICATION FOR AN ORDER TO RETAIN, EMPLOY AND COMPENSATE THE CONGENI LAW FIRM AS BANKRUPTCY COUNSEL FOR DEBTOR FROM THE DATE OF APPOINTMENT

NOW INTO COURT, by and through undersigned counsel, come Palmetto Construction Services, LLC (hereinafter also referred to as the "Debtor"), and hereby moves this Court for entry of an order pursuant to sections 327(a), 328, 329, 330, 503(b) and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules") authorizing the Debtor to retain, employ and compensate Congeni Law Firm, LLC ("Congeni Law Firm") and Leo Congeni as bankruptcy counsel for the Debtor, *nunc pro tunc* to the date hereof (the "Petition Date").  In support of this motion (the "Motion"), the Debtor relies upon the Declaration of Edward B. Mendy, in Support of First Day Motions and Applications (the "Mendy Declaration")[1], which is incorporated herein by reference, and respectfully represent as

1

follows:

## JURISDICTION

1.      This court has jurisdiction over this Application pursuant to 28 U.S.C.  §§ 157 and

1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a), 328,

329,330, 503(b) and 507 of the Bankruptcy Code.

## BACKGROUND

### A.  Procedural Background

3.      On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11

of the Bankruptcy Code.

4.      The Debtor continues to operate its businesses and manage it properties as Debtor-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    No

request has been made for the appointment of a trustee or examiner, and no statutory

committee or trustee has been appointed in any of the Debtor's Chapter 11 case.

### B.  Factual Background

5.      The events leading up to the Petition Date and the facts and circumstances supporting

the relief requested herein are set forth in the Declaration of Edward Mendy in

Support of First Day Applications and Motions (the "Mendy Declaration").

### C.  Additional Counsel's Role

6.      On or about March 9, 2019, the management of Debtor resolved to file for

bankruptcy.

---

1. Capitalized terms not defined in this Motion shall have the meanings ascribed to them in the Mendy Declaration.

7.     Negotiations were had with several bankruptcy specialist firms, including Heller
Draper and Leo Congeni and associates.  Unfortunately, the retainer requirements of
the said firm could not be met by the Debtor or the Debtor's extant owners.

8.     On or about May 23, 2019, Debtor and its counsel Jared Geist agreed and resolved to
retain Jared Geist to file the petition, while continuing to negotiate with additional
counsel to provide specific tasks in furtherance of the reorganization.

9.     Congeni Law Firm, LLC, a firm that specializes in bankruptcy law, was consulted
prefiling and was selected and agreed to assist Debtor with the bankruptcy filing,
disclosures and plan of reorganization.

10.     The only reason, the Congeni Law Firm, LLC was not hired before the filing was
because of the emergent nature of the filing and the inability of the Debtor and its
managers to pay the retained required by the firm.

11.     From the inception of Debtor to the present, Congeni Law Firm, LLC and its
principal, Leo Congeni, an attorney certified as a bankruptcy specialist, have  been
intimately involved in counseling the Debtor regarding Debtor's financial affairs and
pending litigation with Asset Lending and Loans, LLC and related entities.   In
consulting with Debtor and counseling the Debtor on bankruptcy alternatives and
possible outcomes, Congeni Law Firm, LLC has become really familiar with the
Debtor and the complex factual and legal issues that will have to be addressed in this
case.  The Debtor believes that the retention of Congeni Law Firm, LLC, with the
firm's knowledge of the Debtor, Debtor's relationship with Asset Lending and Loans,
LLC, the loans which led to the foreclosure which is the cause of bankruptcy as well
and the industry in which ALAL and Debtor operate as well as their command of

3

Bankruptcy law, will contribute to the efficient administration of the estate thereby minimizing the expenses to the estate.

12.    Thus, Debtor wishes to and hereby seeks authority in this Court to employ the law offices of Congeni Law Firm, LLC as their bankruptcy counsel under a general retainer at Congeni Law Firm, LLC's normal rate of $250.00 for Mr. Leo Congeni and customary reimbursement policies.

13.    The Debtor will require Congeni Law Firm, LLC to render legal services relating to the day-to-day administration of this Chapter 11 case and the myriad of issues that may arise in this case, including, without limitation:

    a.  advising the Debtor of its powers and duties as Debtor-in-possession in the continued operation of the businesses and management of the properties;

    b.  assisting, advising and representing the Debtor in its consultations with creditors regarding the administration of this case;

    c.  providing assistance, advice and representation concerning the preparation and negotiation of a plan of reorganization and disclosure statement and any asset sales, equity investments or other transaction proposed in connection with these Chapter 11 cases;

    d.  providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtor that may be required;

    e.  representing the Debtor at hearings on matters pertaining to their affairs as a debtor-in-possession;

4

f.   prosecuting and defending litigation matters and such other matters that
     might arise during and related to the Chapter 11 cases, except to the
     extent that the Debtor has employed or hereafter seek to employ special
     litigation counsel;

g.   providing counseling and representation with respect to the assumption
     or rejection of executory contracts and leases and other bankruptcy-
     related matters arising from this case;

h.   taking necessary action to protect and preserve the Debtor's estate,
     including the prosecution of actions on behalf of the Debtor, the defense
     of any actions commenced against the Debtor as to which the automatic
     stay does not apply, other than actions defended in the ordinary course
     of the Debtor's business and objection to claims filed against the
     Debtor's estates;

i.   prosecuting adversary actions; and

j.   performing such other legal services as may be necessary and
     appropriate for the efficient and economical administration of the
     Chapter 11 Debtor.

14.   The Debtor selected Congeni Law Firm, LLC as counsel because (i) Congeni Law
Firm, LLC and  its attorneys with have extensive experience, knowledge and
resources in the area of debtors' and creditors' rights; (ii) Congeni Law Firm, LLC's
lawyers are very knowledgeable in the area of local rules and guidelines for Chapter
11 cases pending in the District of New Jersey; (iii) and Congeni Law Firm, LLC has
the ability to commit substantial resources to legal problems on an urgent basis.  In

5

choosing Congeni Law Firm, LLC as the best candidate for the Debtor's counsel, the Debtor considered the firm's successful consultation with the Debtor prior to the filing of the present Chapter 11 case and its familiarity with the Debtor gained in connection therewith. The Debtor believes that Congeni Law Firm, LLC is well-qualified to represent them in these Chapter 11 cases and request that this Court approve such retention.

15.    Congeni Law Firm, LLC will provide expertise primarily with respect to the primary bankruptcy matter and will be mainly responsible for the preparation and defense of disclosure statements and the plan of reorganization, including amendments thereto

16.    Congeni Law Firm, LLC also will provide expertise with respect to bankruptcy-related litigation and will act as bankruptcy co-counsel for the Debtor, in coordination with the primary bankruptcy counsel-Jared Geist.

**D.  Congeni Law Firm, LLC is Disinterested**

17.    Based upon the Affidavit of  Leo Congeni, Esq., simultaneously filed herewith (the "Congeni Affidavit"), the Debtor believes that (a) except as set forth in the Congeni Affidavit, Congeni Law Firm, LLC's partners, associates and other attorneys (i) have no connection with the Debtor, any creditors of the Debtor, the United States Trustee for this District, or any other party in interest in the Debtor's Chapter 11 case, or its respective attorneys and accountants, and (ii) do not hold or represent any interest adverse to the Debtor, and (b) Congeni Law Firm, LLC and each of its partners, associates and other attorneys is a "disinterested person" within the meaning of §§ 101(14) of the Bankruptcy Code.

6

18.    As set forth in Leo Congeni's Affidavit, Congeni Law Firm, LLC has not represented, in matters unrelated to this case, any parties (the "Unrelated Parties") who may assert claims against or be subject to objections or litigation brought by the Debtor (the "Claims and Litigation").  The Unrelated Parties are subdivided into those Unrelated Parties who are (a) clients of Congeni Law Firm, LLC and (b) former clients of Congeni Law Firm, LLC.  Even if present and former clients of the firm have an interest herein, and they do, it should not be an impediment to representation as the largest creditor in this case are the Noteholders.  The Noteholders have retained sophisticated and experience legal counsel and financial advisors.  In addition, Edward Mendy, a former attorney with bankruptcy experience and also a party in interest through his equity holdings, expects to represent himself or retain experienced and sophisticated legal counsel and financial advisors.  Accordingly, to the extend the Debtor prosecute or defend claims litigation with respect to the Unrelated Parties, those actions can if necessary be prosecuted or defended by conflicts counsel, co-counsel, or other counsel selected by the Debtor.

19.    Leo Congeni has informed the Debtor that he and his firm are a "disinterested person" as defined by Section 101(4) and 1107(b) of the Bankruptcy Code and has no connection with the Debtor, their creditors or other parties-in-interest in this case, except as set forth in the Congeni Affidavit, a partner of the firm of Leo Congeni, annexed to this Application

**E.  Congeni Law Firm, LLC's Compensation**

20.    Congeni Law Firm, LLC will be paid a retainer of $5,000.00 for its engagement.

21. This retainer will be paid by Mendy Properties, LLC, a company owned by Edward

Mendy, as Debtor In Possession creditor.

22. The retainer and monies left over are to be held in the Congeni Law Firm, LLC Trust

Account as a post-petition advance payment to be applied against any unpaid fees and

expenses approved by the Bankruptcy Court with respect to Congeni Law Firm,

LLC's final fee application in the Chapter 11 bankruptcy case.  It is contemplated that

Congeni Law Firm, LLC will seek compensation based upon its normal hourly billing

rates in effect for the period in which services are performed and will seek

reimbursement of necessary and reasonable out-of-pocket expenses in accordance

with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules and any applicable Guidelines of the United States Trustee.

Congeni Law Firm, LLC has agreed to charge an hourly fee of $285.00 for its legal

fees.  The rate of current hourly rates for the attorneys and paralegals expected to be

the most active in this case is included in the retainer agreement attached as Exhibit A

hereto.  The Debtor submits that such rates are reasonable and should be approved by

the Court subject to a determination of the amounts to be paid to Congeni Law Firm,

LLC upon application for allowance.  Congeni Law Firm, LLC also has informed the

Debtor that its prevailing rates may be change from time to time consistent with its

normal business practices and that any such changes will be reflected in the first

Congeni Law Firm, LLC fee application following the change.  Prior notice of any

change in fee structure will also be submitted to the Debtor, United States Trustee and

this Court.   Congeni Law Firm, LLC may seek interim compensation and

reimbursement of expenses during this case as permitted by section 331 of the

8

Bankruptcy Code. However, no compensation will be paid by the Debtor to Congeni Law Firm, LLC except (i) upon application under sections 330 and 331 of the Bankruptcy Code and approval by this Court after notice and hearing and (ii) as consistent with any interim compensation order entered by this Court.

## BEST INTERESTS OF THE ESTATES

23.   The Debtor believes that the employment of Congeni Law Firm, LLC is in the best interests of the Debtor and its estates and desire to employ Congeni Law Firm, LLC with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code and such other terms as set forth in a fee application. Were the Debtor to be required to retain attorneys other than Congeni Law Firm, LLC in connection with its representation in this case, the Debtor, its estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtor's businesses in general and various factual and legal issues that will have to be addressed in this case.

24.   The Debtor seek to retain Congeni Law Firm, LLC as counsel because: (i) Congeni Law Firm, LLC has extensive experience and knowledge in the field of debtors' and creditors' rights; (ii) the Debtor believes that Congeni Law Firm, LLC is well qualified to represent the Debtor as Debtor-in-Possession as counsel in these Chapter 11 cases, (iii) Congeni Law Firm, LLC's bankruptcy and restructuring attorneys have developed a familiarity with the Debtor's assets, affairs and businesses; and (iv) Congeni Law Firm, LLC's lawyers are knowledgeable in the area of the local rules

and guidelines for Chapter 11 cases pending in the District of New Jersey. Congeni Law Firm, LLC will provide its expertise with respect to bankruptcy-related issues and will act as bankruptcy counsel for the Debtor. The employment of Congeni Law Firm, LLC is in the best interests of the Debtor and its estates.

## WAIVER OF MEMORANDUM OF LAW

25.     This Motion does not raise any novel issues of law and, accordingly, the Debtor respectively request that the court waive the requirement continued in the District of New Jersey Local Bankruptcy Rules, D.NJ.LBR 9013-2 that a separate memorandum of law be submitted.

## NOTICE

26.     No trustee, examiner or creditors committee has been appointed in this case. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel for the Debtor; (iii) counsel to Fannie Mae, as Noteholder; (iv) counsel to Sovereign Bank, as servicer of the Noteholder; (v) counsel to any Official Unsecured Creditors' Committee appointed in this case, or the twenty (20) largest unsecured creditors of the Debtor, if any Official Unsecured Creditors' Committee has not been appointed; (vii) the United States Securities and Exchange Commission; (viii) the United States Attorney's Office for the State of New Jersey; (ix) the Attorney General's Office for the State of New Jersey; (x) the Internal Revenue Service and other government agencies to the extent required by the Bankruptcy Rules and the Local Rules, including applicable gaming authorities and to any parties specifically effected by the relief sought herein. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is

necessary.  As this Motion is seeking first day relief, notice of this Motion will be served as required by the General Order Adopting Guidelines Governing First Day Matters, entered March 31, 2003, by the United States Bankruptcy Court for the District  of New Jersey by fax or email if available by overnight mail to the parties' last known address.

27. As per the court's order at the last status conference in this matter, August 22, 2019, this motion will be heard along with the other pending motions in this matter on September 24, 2019.

## **NO PRIOR REQUEST**

28. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Order submitted concurrently herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: September 4, 2019

Respectfully submitted,

**GEIST LAW, LLC**

By: */s/  Jared Geist*            .
Jared Geist, Esq.
25 Main Street, Suite 203
Hackensack, NJ 07601
Telephone: (201) 870-1488
Facsimile:  (201) 812-9659
Email: jared@geistlegal.com
*Proposed Counsel for Debtor and Debtor in Possession*

11