| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in compliance with D.N.J. LBR 9004-2(c) <br><br> **Geist Law, LLC** <br> Jared Geist, Esq. <br> 25 Main Street <br> Suite 203 <br> Hackensack, NJ 07601 <br> Telephone: (201) 870-1488 <br> Facsimile:  (201) 812-9659 <br> Email: jared@geistlegal.com <br> *Proposed Counsel for Debtor and Debtor in Possession* | |
| **In re:** <br>   PALMETTO CONSTRUCTION SERVICES, LLC, <br> Debtor | Chapter:   11 <br><br> Case No:   19-21051 <br><br> Judge:   VFP |

### APPLICATION FOR AN ORDER TO RETAIN, EMPLOY AND COMPENSATE LAW OFFICES OF JEROME PELLERIN AS LITIGATION ATTONEY AND BANKRUPTCY COUNSEL FOR DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

NOW INTO COURT, by and through undersigned counsel, comes Palmetto Construction Services, LLC (hereinafter also referred to as the "Debtor"), and hereby moves this Court for entry of an order pursuant to sections 327(a), 328, 329, 330, 503(b) and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules") authorizing the Debtor to retain, employ and compensate Jerome Pellerin ("Pellerin") and the law offices of Jerome Pellerin as bankruptcy counsel for the Debtor, *nunc pro tunc* to the date hereof (the "Petition Date").  In support of this motion (the "Motion"), the Debtor relies upon the Declaration of Edward B. Mendy, in Support of First Day Motions and Applications (the "Mendy Declaration")[1], which is incorporated herein by reference, and respectfully represent as

follows:

## JURISDICTION

1. This court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(a), 328, 329, 330, 503(b) and 507 of the Bankruptcy Code.

## BACKGROUND

### A. Procedural Background

3. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its businesses and manage it properties as Debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no statutory committee or trustee has been appointed in any of the Debtor's Chapter 11 case.

### B. Factual Background

5. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Edward Mendy in Support of First Day Applications and Motions (the "Mendy Declaration").

### C. Additional Counsel's Role

6. On or about March 9, 2019, the management of Debtor resolved to file for bankruptcy.

---

1. Capitalized terms not defined in this Motion shall have the meanings ascribed to them in the Mendy Declaration.

7. Negotiations were had with several bankruptcy specialist firms, including Heller Draper and Leo Congemi and associates. Unfortunately, the retainer requirements of the said firm could not be met by the Debtor or the Debtor's extant owners.

8. On or about May 23, 2019, Debtor and its counsel Jared Geist agreed and resolved to retain Jared Geist to file the petition, while continuing to negotiate with additional counsel to provide specific tasks in furtherance of the reorganization.

9. Jerome Pellerin, debtor's long-term counsel, was selected and agreed to assist Debtor with litigation related to the estate as well as with various potential adverse actions identified by Debtor.

10. From the inception of Debtor to the present, the Law Offices of Jerome Pellerin, PLC, a general business and commercial litigation law firm, has been intimately involved in counseling the Debtor and its managers, Edward Mendy and Nia Mendy, regarding Debtor's financial affairs and pending litigation with Asset Lending and Loans, LLC and related entities. In serving as Debtor's general counsel for years and assisting the Debtor with various matters including the foreclosures which are the cause of this bankruptcy, Jerome Pellerin personally has become really familiar with the Debtor, the Asset Lending and Loans, LLC debt which led to this filing, and the complex factual and legal issues that will have to be addressed in this case. The Debtor believe that the retention of Jerome Pellerin, with his knowledge of the Debtor, Debtor's relationship with Asset Lending and Loans, LLC, the loans which led to the foreclosures, which are the cause of bankruptcy, as well and the industry in which ALAL and Debtor operate, will contribute to the efficient administration of the estate thereby minimizing the expenses to the estate.

11. Thus, Debtor wishes to and hereby seeks authority in this Court to employ the Jerome Pellerin and the Law Offices of Jerome Pellerin as their bankruptcy counsel under a general retainer at Jerome Pellerin's reduced rate of $200.00 per and customary reimbursement policies.

12. The Debtor will ONLY require Jerome Pellerin, to handle adversary and litigation matters.

13. However, at Jerome Pellerin's sole discretion, and with prior approval, Jerome Pellerin may be asked to render legal services relating to the day-to-day administration of this Chapter 11 case and the myriad of issues that may arise in this case, including, without limitation:

    a. advising the Debtor of its powers and duties as Debtor-in-possession in the continued operation of the businesses and management of the properties;

    b. assisting, advising and representing the Debtor in its consultations with creditors regarding the administration of this case;

    c. providing assistance, advice and representation concerning the preparation and negotiation of a plan of reorganization and disclosure statement and any asset sales, equity investments or other transaction proposed in connection with these Chapter 11 cases;

    d. providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtor that may be required;

 e. representing the Debtor at hearings on matters pertaining to their affairs as a debtor-in-possession;

 f. prosecuting and defending litigation matters and such other matters that might arise during and related to the Chapter 11 cases, except to the extent that the Debtor has employed or hereafter seek to employ special litigation counsel;

 g. providing counseling and representation with respect to the assumption or rejection of executory contracts and leases and other bankruptcy-related matters arising from this case;

 h. taking necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the Debtor as to which the automatic stay does not apply, other than actions defended in the ordinary course of the Debtor's business and objection to claims filed against the Debtor's estates;

 i. prosecuting adversary actions; and

 j. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of the Chapter 11 Debtor.

14. The Debtor selected Jerome Pellerin as counsel because (i) Jerome Pellerin and attorneys he is associated with have extensive experience, knowledge and resources in the area of debtors' and creditors' rights; (ii) the Law Office of Jerome Pellerin's lawyers are very knowledgeable in the area of local rules and guidelines for Chapter

11 cases pending in the District of New Jersey; (iii) and the Law Office of Jerome Pellerin has the ability to commit substantial resources to legal problems on an urgent basis. In choosing the Law Office of Jerome Pellerin as the best candidate to serve as one of the Debtor's counsel, the Debtor considered the firm's successful representation of the Debtor prior to the filing of these Chapter 11 cases and its familiarity with the Debtor gained in connection therewith. The Debtor believes that Jerome Pellerin and the Law Office of Jerome Pellerin are well-qualified to represent them in these Chapter 11 case and request that this Court approve such retention.

15. The Law Office of Jerome Pellerin will provide expertise primarily with respect to the adversary actions in this matter and other litigation-related issues in this matter for the Debtor.

16. The Law Office of Jerome Pellerin also will provide expertise with respect to bankruptcy-related litigation and will act as bankruptcy co-counsel for the Debtor, as needed, and in coordination with the primary bankruptcy counsel-Jared Geist and Leo Congemi.

D. **Jerome Pellerin is Disinterested**

17. Based upon the Affidavit of Jerome Pellerin, Esq., simultaneously filed herewith (the "Pellerin Affidavit"), the Debtor believes that (a) except as set forth in the Pellerin Affidavit, Jerome Pellerin's partners, associates and other attorneys (i) have no connection with the Debtor, any creditors of the Debtor, the United States Trustee for this District, or any other party in interest in the Debtor's Chapter 11 case, or its respective attorneys and accountants, and (ii) do not hold or represent any interest adverse to the Debtor, and (b) Jerome Pellerin and each of its partners, associates and

other attorneys is a "disinterested person" within the meaning of §§ 101(14) of the Bankruptcy Code.

18. As set forth in the Mendy Affidavit, Jerome Pellerin represents, in matters unrelated to this case, certain parties (the "Unrelated Parties") who may assert claims against or be subject to objections or litigation brought by the Debtor (the "Claims and Litigation"). The Unrelated Parties are subdivided into those Unrelated Parties who are (a) clients of Jerome Pellerin and (b) former clients of Jerome Pellerin. However, the largest creditor in this case are the Noteholders. The Noteholders have retained sophisticated and experience legal counsel and financial advisors. In addition, Edward Mendy, also a party in interest through his equity holdings expects to retain experienced and sophisticated legal counsel and financial advisors. Accordingly, to the extend the Debtor prosecute or defend claims litigation with respect to the Unrelated Parties, those actions can if necessary be prosecuted or defended by conflicts counsel, co-counsel, or other counsel selected by the Debtor.

19. Jerome Pellerin has informed the Debtor that he and his firm are a "disinterested person" as defined by Section 101(4) and 1107(b) of the Bankruptcy Code and has no connection with the Debtor, their creditors or other parties-in-interest in this case, except as set forth in the Pellerin Affidavit, a partner of the firm of Jerome Pellerin, annexed to this Application

    E. **Jerome Pellerin's Compensation**

20. Jerome Pellerin will be paid a retainer of $2,500.00 for its engagement.

21. This retainer will be paid by Mendy Properties, LLC, a company owned by Edward Mendy, as DIP creditor.

22. The retainer and monies left over are to be held in the Jerome Pellerin Trust Account as a post-petition advance payment to be applied against any unpaid fees and expenses approved by the Bankruptcy Court with respect to Jerome Pellerin's final fee application in the Chapter 11 bankruptcy case. It is contemplated that Jerome Pellerin will seek compensation based upon its normal hourly billing rates in effect for the period in which services are performed and will seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Guidelines of the United States Trustee. Jerome Pellerin has agreed to charge an hourly fee of $200.00 for its legal fees. The rate of current hourly rates for the attorneys and paralegals expected to be the most active in this case is included in the retainer agreement attached as Exhibit A hereto. The Debtor submits that such rates are reasonable and should be approved by the Court subject to a determination of the amounts to be paid to Jerome Pellerin upon application for allowance. Jerome Pellerin also has informed the Debtor that its prevailing rates may be change from time to time consistent with its normal business practices and that any such changes will be reflected in the first Jerome Pellerin fee application following the change. Prior notice of any change in fee structure will also be submitted to the Debtor, United States Trustee and this Court. Jerome Pellerin may seek interim compensation and reimbursement of expenses during this case as permitted by section 331 of the Bankruptcy Code. However, no compensation will be paid by the Debtor to Jerome Pellerin except (i) upon application under sections 330 and 331 of the

Bankruptcy Code and approval by this Court after notice and hearing and (ii) as consistent with any interim compensation order entered by this Court.

## BEST INTERESTS OF THE ESTATES

23. The Debtor believes that the employment of Jerome Pellerin is in the best interests of the Debtor and its estates and desire to employ Jerome Pellerin with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court pursuant to sections 330, 331, 503(b) and 507(a)(1) of the Bankruptcy Code and such other terms as set forth in a fee application. Were the Debtor to be required to retain attorneys other than Jerome Pellerin in connection with its representation in this case, the Debtor, its estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtor's businesses in general and various factual and legal issues that will have to be addressed in this case.

24. The Debtor seek to retain Jerome Pellerin as counsel because: (i) Jerome Pellerin has extensive experience and knowledge in the field of debtors' and creditors' rights; (ii) the Debtor believes that Jerome Pellerin is well qualified to represent the Debtor as Debtor-in-Possession as counsel in these Chapter 11 cases, (iii) Jerome Pellerin's bankruptcy and restructuring attorneys have developed a familiarity with the Debtor's assets, affairs and businesses; and (iv) Jerome Pellerin's lawyers are knowledgeable in the area of the local rules and guidelines for Chapter 11 cases pending in the District of New Jersey. Jerome Pellerin will provide its expertise with respect to

bankruptcy-related issues and will act as bankruptcy counsel for the Debtor. The employment of Jerome Pellerin is in the best interests of the Debtor and its estates.

## WAIVER OF MEMORANDUM OF LAW

25. This Motion does not raise any novel issues of law and, accordingly, the Debtor respectively request that the court waive the requirement continued in the District of New Jersey Local Bankruptcy Rules, D.NJ.LBR 9013-2 that a separate memorandum of law be submitted.

## NOTICE

26. No trustee, examiner or creditors committee has been appointed in this case. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) counsel for the Debtor; (iii) counsel to Fannie Mae, as Noteholder; (iv) counsel to Sovereign Bank, as servicer of the Noteholder; (v) counsel to any Official Unsecured Creditors' Committee appointed in this case, or the twenty (20) largest unsecured creditors of the Debtor, if any Official Unsecured Creditors' Committee has not been appointed; (vii) the United States Securities and Exchange Commission; (viii) the United States Attorney's Office for the State of New Jersey; (ix) the Attorney General's Office for the State of New Jersey; (x) the Internal Revenue Service and other government agencies to the extent required by the Bankruptcy Rules and the Local Rules, including applicable gaming authorities and to any parties specifically effected by the relief sought herein. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary. As this Motion is seeking first day relief, notice of this Motion will be served as required by the General Order Adopting Guidelines Governing First Day

Matters, entered March 31, 2003, by the United States Bankruptcy Court for the District of New Jersey by fax or email if available by overnight mail to the parties' last known address.

**<u>NO PRIOR REQUEST</u>**

27. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the Order submitted concurrently herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: September 4, 2019

Respectfully submitted,

**GEIST LAW, LLC**

By: */s/ Jared Geist*          .
Jared Geist, Esq.
25 Main Street, Suite 203
Hackensack, NJ 07601
Telephone: (201) 870-1488
Facsimile: (201) 812-9659
Email: jared@geistlegal.com
*Proposed Counsel for Debtor and Debtor in Possession*