UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
Peter J. D'Auria, Esquire (3709)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Palmetto Construction Services, LLC, | : | Case No. 19-21051(VFP) |
| Debtor. | : | |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION TO RETAIN ANDREW L. KRAMER, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR**

The Acting United States Trustee ("UST"), by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. §586(a)(3) and (5), hereby respectfully submits this Objection (the "Objection") to the above-captioned Debtor's Application to retain JAndrew L. Kramer, LLC ("Kramer Law") (docket entry 55) (the "Application"), and respectfully asserts as follows:

1. Pursuant to 11 U.S.C. § 586, the UST is obligated to oversee the administration of Chapter 11 cases.  Under 11 U.S.C. § 307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code.  Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33

1

F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## **BACKGROUND**

2. On May 31, 2019 (the "Petition Date"), Palmetto Construction Services, LLC (the "Debtor") filed the presently pending voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On September 4, 2019, the Debtor filed the Application. The application portion of the Application is executed by Mr. Jared A. Geist, Esq., and is not executed by a representative of the Debtor. Also filed with the Application Papers is the Certification of Professional in Support of the Application executed by Andrew L. Kramer, Esq. (the "Kramer Certification").

4. The Application Document states that Kramer Law will be paid a retainer of $2,500.00, and that such retainer "will be paid by Mendy Properties, LLC, a company owned by Edward Mendy, as a Debtor In Possession creditor." <u>See</u>, <u>Application</u> ¶ 23. We further note that at the 341(a) Meeting of Creditors held on July 31, 2019, it was clarified that as of that date Edward Mendy was the 100% owner of the Debtor.

5. Although there is a discussion of Unrelated Parties[1], neither the Application nor the Kramer Certification disclose any representation by the proposed professional of any other *related* party to this case. <u>Id</u>. at ¶ 20.

6. According to the Kramer Certification, Andrew L. Kramer is admitted to practice

---

1 Capitalized terms not defined herein shall have the meaning as ascribed in the Application.

2

law in the states of New York and Louisiana.  See, Kramer Certification ¶ 2.

7. With regard to anticipated services associated with this proposed retention, the Application states that the intention is for Mr. Kramer to assist solely with adversary actions and litigation.  See, Application ¶ 14.  However, retention is also sought for traditional 327(a) bankruptcy counsel representation, such as operations of the Debtor and management of properties, consulting with creditors and the administration of the case, preparing and negotiating a plan, representation of the Debtor in its affairs as a debtor-in-possession, the assumption/rejection of executory contracts, issues related to the automatic stay, and to perform other legal services necessary and appropriate for the efficient and economical administration of the chapter 11 case.  Id. at ¶ 15.

## ARGUMENT

8. It is not clear from the Application whether Kramer Law is intended to be special counsel or bankruptcy counsel, but based on the broad spectrum of services contemplated by paragraph 15 of the Application, this proposed retention must be subject to scrutiny under subsection 327(a) of the Bankruptcy Code.

9. It is not clear if this is a continuing representation with regard to litigation. Kramer Law may be a creditor for prior work performed.   This must be clarified.

10. While the Application addresses "Unrelated Parties", there must be clear disclosure as to whether Kramer Law has ever represented *related* parties.

11. It is not clear how Kramer Law, with counsel licensed to practice law in the States of New York and Louisiana, and with its office located in New Orleans, Louisiana, is going to serve as bankruptcy counsel to the Debtor here in New Jersey.

12. The proposed retention agreement states that Kramer Law reserves the right to withdraw as counsel to the Debtor, which as stated stands in violation of D.N.J. LBR 9010-2(b).

13. The application portion of the Application is signed by Mr. Geist, not a representative of the Debtor. The Application as filed stands in violation of D.N.J. LBR 2014-1(a).

14. It appears that the anticipated retainer will be paid by a creditor of the Debtor, a related party or insider, or both.

15. Section 327(a) of the Bankruptcy Code only allows the debtor in possession to employ professional persons that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." *In re Prudent Holding* Corp., 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

16. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). *See In re BH&P Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). *See, e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d at 141 (disqualified because not disinterested); *Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having

adverse interest).

*Reservation of Rights:*

17. In the event the Application is supplemented with any additional filing, the UST respectfully reserves all rights to supplement this Objection.

WHEREFORE, The UST respectfully asserts that the Application Papers as presented must be denied, and respectfully requests that this Court grant such further relief as is just and appropriate.

Respectfully submitted,  
ANDREW R. VARA  
ACTING UNITED STATES TRUSTEE

By:   */s/ Peter J. D'Auria*  
Peter J. D'Auria  
Trial Attorney

Dated:   September 11, 2019