Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015
**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 432-0073

*Attorneys for Creditor Accolend, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No. 19-21051<br>Chapter 11 |
| PALMETTO CONSTRUCTION SERVICES, LLC | Honorable Vincent F. Papalia |

## CREDITOR ACCOLEND LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS CROSS-MOTION TO DISMISS THIS BANKRUPTCY OR ALTERNATIVELY LIFT THE AUTOMATIC STAY

**MEISTER SEELIG & FEIN LLP**

Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015

*Attorneys for Creditor Accolend, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

LEGAL ARGUMENTS..................................................................................................................... 2

    I.   The Debtor's Bankruptcy Petition Was Filed in Bad Faith Warranting
       Dismissal Or, In The Alternative, Relief From the Stay............................................... 2

CONCLUSION.................................................................................................................................. 5

Case 19-21051-VFP    Doc 77    Filed 09/20/19    Entered 09/20/19 18:39:14    Desc Main
Document    Page 3 of 8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                              **Page(s)**

*In re Arm Ventures, LLC,*
    564 B.R. 77 (2017) ........................................................................................................... 1, 4

*In re Natural Land Corp.*,
    825 F.2d 296 (11th Cir. 1987) ............................................................................................ 2

*In re Ravick Corp.*,
    106 B.R. (Bankr. D. N.J. 1989) .......................................................................................... 3

*In re Toth*,
    269 B.R. 587 (Bankr. W.D. Pa. 2001) ................................................................................ 3


**Statutes**

11 U.S.C. § 362 ........................................................................................................................ 1

Creditor Accolend, LLC f/k/a Asset Lending and Loans, LLC ("Accolend") respectfully submits this brief in further support of its cross-motion to dismiss the within bankruptcy or, in the alternative, lift the automatic stay in place pursuant to 11 U.S.C. § 362 and in reply to debtor Palmetto Construction Services, LLC's ("Debtor's") opposition to Accolend's cross-motion.

## PRELIMINARY STATEMENT

Debtor admits that it filed this bankruptcy action solely to prevent its only secured creditor, Accolend, from enforcing the defaulted Loans, and thus that it did so frivolously and in bad faith.[1] Debtor has no genuine plans to reorganize as its only assets are the four single-family residential Properties secured by the defaulted Loans and its alleged business is "managing" these Properties, which are currently vacant[2] and not under development. Further, Debtor's only other creditors are unsecured *insiders* whose claims are *de minimis* in comparison to Accolend's secured claims – for which Accolend was on the verge of recovery in the Arbitration and Foreclosure Actions until Debtor filed the within petition. Thus, this bankruptcy is, at its core, a two-party dispute, Debtor has no legitimate bankruptcy purpose, and the bankruptcy petition should be dismissed.

Debtor's opposition relies on but a single case out of the Bankruptcy Court in the Southern District Court of Florida that is distinguishable from the within facts, as well as the Declaration of Edward Mendy in Support of Debtor's First Day Motions ("Mendy Declaration"), which contains admissions of bad faith and inaccuracies.

Debtor claims that the within facts are "more favorable" than those set out in *In re Arm Ventures, LLC*, 564 B.R. 77 (2017) where the court ultimately did not dismiss the bankruptcy.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in Accolend's moving brief dated August 13, 2019.

[2] Edward Mendy represented at the Trustee's 341 Meeting that his wife, Cheryl Mendy, who is also an unsecured creditor, is living at the Louisiana property. He also represented that she pays $1,100 per month in rent, which is the Debtor's only source of income. Accolend has no way of knowing if this is true and has not received any payment from this purported rent.

1

However, despite laying out the facts of the case in detail, Debtor fails to mention that the court decided not to dismiss the case solely "due to the presence of significant non-insider unsecured claims" – which do not exist here – and nevertheless the court did in fact lift the stay based on debtor's bad faith.

Debtor also seems to argue that, even if there is bad faith, a motion for dismissal or to lift the automatic stay is premature. That is incorrect. Debtor cannot rid itself of the bad faith filing and therefore the issue is ripe even if Debtor has not completed its plan for reorganization. *In re Natural Land Corp.,* 825 F.2d 296, 296 (11th Cir. 1987) ("bankruptcy court could determine whether debtor filed petition in good faith, even though debtor had not filed proposal for reorganization").

At bottom, this bankruptcy is yet another frivolous filing in the series of filings Debtor and its principal Mr. Mendy have made to evade liability for Accolend's secured claims. *See, e.g.,* Declaration of Jeffrey Schreiber filed in Support of Accolend's Cross-Motion ("Schreiber Declaration"), Exhibits H-M. Respectfully, this Court should not countenance Debtor's bad faith and should dismiss the within bankruptcy or, in the alternative lift, the stay as to Accolend to allow Debtor's only unsecured non-insider creditor to enforce its agreements against Debtor.

## LEGAL ARGUMENT

### I. The Debtor's Bankruptcy Petition Was Filed in Bad Faith Warranting Dismissal Or, In The Alternative, Relief From the Stay

Incredibly, Mr. Mendy admits throughout his Declaration that the purpose of this bankruptcy is to avoid Accolend's recovery under the related enforcement proceedings. By way of example, Mr. Mendy concedes: "The sole cause of Debtor's Chapter 11 filing is Debtor's relationship with [Accolend], and the resultant fallout from [Accolend's] declaration of default on the Schooley's Mountain Property and cross-default on the other Properties, the attempted

2

foreclosure on the Properties and the legal wranglings that related to same." Mendy Declaration at ¶ 103. Indeed, he goes on to say that "[i]t was to avert the public sale of the [Louisiana] Property that necessitated the timing of the Chapter 11 filing.," and "[s]ince the Foreclosure Sale was set for June 6, 2019, it necessitated deliberate speed on the part of Palmetto to work something out with GBCap Fund, LP and [Accolend], seek protection under the Bankruptcy Code or risk losing its primary asset – [the Louisiana] Property." Mendy Declaration at ¶¶ 58, 68. Thus, it is clear that this bankruptcy was filed in bad faith solely to avoid or delay Accolend collecting its debt from Debtor.

However, the Bankruptcy Code is not in place to "protect" a defaulted borrower from what is really a two-party dispute that may be litigated outside of the bankruptcy courts. *See, e.g., In re Toth,* 269 B.R. 587 (Bankr. W.D. Pa. 2001) (Chapter 11 case was dismissed as it was essentially a two-party dispute that could be pursued in non-bankruptcy forum); *In re Ravick Corp.*, 106 B.R. at 843 (Bankr. D. N.J. 1989) (where debtor's "true motives in filing its Chapter 11 petition were not rehabilitative but were to utilize the bankruptcy court as a means of renegotiating the terms of its Contract... and the possibility of securing a purchaser that would enhance the debtor's ultimate profit on the Property.") Debtor here seeks to circumvent the recourse provided for in the Loans and evade the Foreclosure Actions and Arbitration, which were poised to provide sufficient remedies to resolve the two-party dispute between borrower/Debtor, on the one hand, and lender/creditor, on the other. Yet, Debtor filed the within bankruptcy in an admitted and improper effort to stall or stymie those litigations in what is an abuse of the Bankruptcy Code.

As discussed more fully in Accolend's moving brief, this is not Debtor's first attempt at frivolously seeking to avoid liability under, or pay, these loans. During the pendency of the Foreclosure Actions and the Arbitration, Debtor and Mr. Mendy filed multiple purported

emergency actions to try to thwart Accolend's recovery. *See, e.g.,* Schreiber Declaration, Exhibits H, J and L. None of the purported emergency actions amounted to any relief to Debtor or its representative – indeed, one such motion filed on the morning of the last day of the arbitration hearings resulted in a sanctions award to Accolend – and many of Debtor's tactics, including TRO filings in the Bergen County Superior Court and the United States District Court for the District of New Jersey, were characterized by the arbitrator as "frivolous." *See* Schreiber Declaration, Exhibit O. The filing of this bankruptcy action is no different.

Rather than deny its bad faith, Debtor relies on *In re Arm Ventures, LLC* to argue that even where if there is a finding of bad faith this Court should not dismiss the bankruptcy. Such a reading of this case completely misses the ultimate holding – which is that because the court determined in that case that there was a significant non-insider creditor in addition to the creditor seeking dismissal, the court decided not to dismiss the bankruptcy but lifted the automatic stay allowing the movant to pursue its enforcement claims against the debtor and recover its underlying debts. Here, there is no significant non-insider creditor other than Accolend. The largest unsecured creditor is Mr. Mendy himself followed by a series of his family members and admitted friends – clear *insiders* – who are allegedly owed a few thousand dollars in unsecured debts. Nonetheless, even if the court were to find those insider unsecured creditors to be likened to the significant non-insider creditor in *In re Arm Ventures, LLC*, then this Court must grant this motion and lift the automatic stay as to Accolend.

Ultimately, this bankruptcy is a two-party dispute that can be properly adjudicated in another forum and is solely in existence to thwart such adjudication. Thus, this Court should dismiss the within bankruptcy.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Accolend's prior brief in support of its cross-motion, this Court respectfully should dismiss this bankruptcy as a bad faith filing or, in the alternative, lift the stay as to Accolend.

Dated: East Brunswick, New Jersey
      September 20, 2019

Respectfully Submitted,

**MEISTER SEELIG & FEIN LLP**

/s/Jeffrey Schreiber
Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015

*Attorneys for Creditor Accolend, LLC*

5