

Jeffrey Schreiber
*Partner*
js@msf-law.com

September 23, 2019

**VIA CM/ECF**

Hon. Vincent F. Papalia
United States Bankruptcy Judge
for the District of New Jersey
50 Walnut Street, Rm 3B
Newark, New Jersey 07102

   Re: *In re Palmetto Construction Services, LLC,* **Petition No. 19-21051-VFP**

Dear Judge Papalia:

My firm represents creditor Accolend, LLC f/k/a Asset Lending and Loans, LLC ("Accolend"), the sole secured creditor, in the above-referenced bankruptcy action. We write to request that the untimely and inappropriate affidavit of Mr. Edward Mendy, Palmetto Construction Services, LLC's ("Debtor's") representative, filed on September 20, 2019 (ECF No. 78) and the subsequent improper memoranda of law and certification of Mr. Mendy filed on September 23, 2019[1] (ECF No. 80) be disregarded by this Court as they are procedurally and substantively improper.

On the eve of the scheduled September 24, 2019 hearing ("Hearing") before Your Honor, Mr. Mendy filed an affidavit on the night of Friday September 20th purportedly responding to Accolend's cross-motion, and two memoranda of law and a supporting certification, which were sent to me by email from Mr. Mendy this afternoon. *See* fn. 1.

First, Mr. Mendy's submissions are egregiously untimely. Accolend filed its cross-motion on August 13, 2019. Days later, Mr. Jared Geist, who is acting as Debtor's counsel – despite not yet being formally retained pursuant to the Bankruptcy Code – requested an adjournment of the cross-motion in light of a not-yet-filed motion for sanctions that we provided to Mr. Geist prior to his filing of any opposition to the cross-motion. At Mr. Geist's request, we agreed to adjourn the cross-motion to September 24, 2019, which set Debtor's response to be due September 17th or 7 days before the Hearing. In connection with that adjournment, counsel also agreed that Accolend

---

[1] On the afternoon of September 23, 2019, the day before the Hearing, Mr. Mendy sent an email stating "[s]ee the attached that I intend to print, sign wet, and file with the court today as attached." Attached to the email are two memoranda of law, a certification and a certification of service. Later this afternoon, the filings appeared on the docket as ECF No. 80.

would submit a reply on or before September 20th in accordance with the applicable Rules of this Court. Despite this agreement, Mr. Mendy inappropriately filed *multiple* responses to the cross-motion *after* Accolend's reply and on the eve of the Hearing. Mr. Mendy's submissions are in essence a sur-reply by Debtor and should not be countenanced. Indeed, Mr. Mendy himself signed the 48-page Declaration submitted in support of Debtor's opposition to the cross-motion filed on September 17th. Mr. Mendy should not be entitled to respond to the cross-motion multiple times nor should he be able to respond after the time to do so has passed. Accolend is prejudiced by these untimely submissions as it did not have the opportunity to respond to the allegations and inaccuracies in Mr. Mendy's submissions due to their being filed out of time.[2]

Second, Mr. Mendy purports to submit these filings "*pro se*" as a representative of Debtor, which on its face is improper. Debtor entity cannot be represented by a non-licensed attorney, and nonetheless has been at least temporarily represented by Mr. Geist who has submitted all filings on behalf of Debtor in this action, including Mr. Mendy's improper affidavit filed on September 20th. Mr. Mendy is not entitled to submit his own memoranda of law nor can he act as a "*pro se*" attorney for Debtor's interests.

Nevertheless, even if Mr. Mendy's late submissions were properly filed, they only further support the merits of Accolend's cross-motion to dismiss this bankruptcy action or otherwise lift the stay.

In light of the above, we respectfully request that Your Honor disregard Mr. Mendy's improper and untimely filings with respect to Accolend's cross-motion.

Respectfully Submitted,

/s/ Jeffrey Schreiber
SLF/S

Cc:  Samantha L. Frenchman, Esq. (*via ECF and email*)
    Jared Geist, Esq. (*via ECF and email*)
    Peter J. D'Auria, Esq. (*via ECF and email*)
    Edward Mendy (*via email*)

---

[2] Indeed, it is worth noting that Mr. Mendy's accusations regarding Accolend's purported failure to serve the cross-motion on the unsecured creditors who have not appeared in this action falls flat in light of the fact that Debtor did not serve same with its motion (*See* ECF No. 27) and Mr. Mendy himself admits in his Certification of Service dated September 23, 2019 that he has not served such creditors with any of his late filings.

Meister Seelig & Fein LLP

2G Auer Court, Williamsburg Commons, East Brunswick, NJ 08816 | Phone (732) 432-0073 | Fax (732) 432-4282
meisterseelig.com