UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | CASE: 19-21051 |
| PALMETTO CONSTRUCTION SERVICES, LLC | CHAPTER: 11 |
| | Hon. Vincent F. Papalia |

In the within matter, Debtor Palmetto Construction Services, LLC filed a Notice of Appeal. This brief is in support of the Motion for a stay pending the appeal. Bankruptcy Rule of Procedure 8007 generally requires that a party seeking "a stay of a judgment, order, or decree of the bankruptcy court pending appeal" first seek such relief in the bankruptcy court. FED. R. BANK. P. 8007(a)(1)(A). In the event the bankruptcy court denies the party's request to stay pending appeal, the party may then move before the district court for a stay pending appeal.

In order to qualify for a stay of an Order of the Bankruptcy Court, the party seeking a stay pending appeal must demonstrate the same factors required of a party seeking a preliminary injunction. Namely, the movant bears the burden of showing the following four factors: (1) a likelihood of success on the merits of the appeal; (2) that the movant will suffer substantial irreparable injury if the stay is denied; (3) substantial harm will not be suffered by other parties if the stay is granted; and (4) that issuance of the stay would not harm the public interest. See

*Rep. of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987); *In re Scarborough*, 389 F. App'x. 184 (3d Cir. 2010); *Ferrone v. Cardiello*, 516 B.R. 765, 766 (W.D. Pa. Sept. 29, 2014).

These stay factors require individualized judgments and weighing based upon the circumstances of each particular case and, accordingly, should not be applied rigidly. See *In re LCI Holding Co., Inc.,* 519 B.R. 461, 465 (D. Del. 2014) (citing *In re Calabria*, 407 B.R. 671, 678 (Bankr. W.D. Pa. 2009) ("[F]ailure to satisfy any one of the four factors ... might not necessarily be fatal to a motion for stay pending appeal. Rather, to determine whether a stay pending appeal is warranted, the court is to balance each of the factors at issue and examine individualized considerations relevant to the case.")). Moreover, "'[i]t is well-settled that the decision of whether to grant or lift a stay is committed to the sound discretion of the court.'" In re *DiClemente*, No. 12-1226, 2012 WL 5211942, at *2 (D.N.J. Oct. 22, 2012) (citations and internal quotation marks omitted).

In regard to the first factor, Palmetto has a strong chance of success on the merits of the appeal. Palmetto was forced sua sponte into a chapter 7 without any party even asking for this relief in the pleadings. Palmetto was greatly prejudiced by a changing of positions on the day of the October 16 oral argument without any chance to reply to same. These positions were not consistent with the written pleadings. Creditor Accolend shifted positions from asking for a dismissal to a conversion to chapter 7. The United States Trustee's office likewise asked for dismissal in the pleadings, not conversion.

At the September 25th oral argument, Palmetto asked to adjourn its pending motions to cure procedural deficiencies but was denied the ability to do so. Meanwhile, Creditor was able to adjourn its motion creating a double standard. Furthermore, it was improper for the Court to reply upon the arbitration award against Nia Mendy as a basis to Order a payment for Palmetto to make which was a significant basis for its orders to convert the case to a Chapter 7 and lift the

stay. This was despite the fact that Accolend never filed a proof of claim and despite the deadline for same having had passed. Instead of relying upon the proper procedures of a proof of claim (which gives debtor opportunity to respond and object) the Court sua sponte relied upon an arbitration award against Nia Mendy that was not against Palmetto.

Furthermore, Debtor had a number of applications pending to retain professionals as well as motions to obtain financing at the time of the October 16 motion that should have been heard on their merits in due course before converting the case and lifting the stay.

In regard to the second factor, the harm that Palmetto Construction Services, LLC will suffer if the stay is not granted is immense. It is hard to imagine a situation wherein it could be more immense. Not granting the stay would render the estate defunct and inoperable. Simply put, the estate would lose everything. The estate only consists of real properties and Secured Creditor Accolend, LLC is in the foreclosure process on all of them. If the stay is not granted, the foreclosures will continue and the estate would lose everything. This factor should be given considerable weight because of its effect on the debtor and near certain outcome it would have in rendering debtor defunct.

In regard to the third factor, it is clear that such potential hardship is much less than the hardship to the estate if the stay is not granted. Secured Creditor Accolend faces only financial relief that it seeks, but unlike the estate, the financial hardship is not one that threatens its existence. They continue in the business of lending and have shown they have adequate resources to continue doing so. Palmetto on the other hand clearly does not have adequate resources to remain vialble without the stay.

In regard to the fourth factor, there is no public interest that would be effect if the stay is granted.

This was not a situation in which debtor was late on making payments but rather a situation wherein one of the loans was allegedly a shorter period of time than the others (7 months versus 12 months) and the loan was called in to set up a cross-default on the other three loans. To further complicate the situation, the tenants caused a fire at the Schooleys Mountain property rendering same inhabitable.

As explained further in the Mendy declaration, Secured Creditor Acoclend, LLC did not apply the full insurance proceeds to refurbishing the property and instead applied the majority to the loan (but only after waiting 5 months to increase interest and penalties). This caused an effective shutdown of Debtor's other properties as the cash flow froze up preventing repair and refurbishment of the other properties and ultimately preventing the company from receiving rental

In *In re Arm Ventures, LLC*, 564 B.R. 77 (Bankr. S.D. Fla. 2017), a case on point to the within case (but with a factual situation much less favorable to the within debtor), out of the bankruptcy court for the Southern District of Florida (the "Court"), a secured creditor moved to dismiss a debtor's bankruptcy case "for cause" based on the debtor's alleged bad faith filing.

The debtor owned certain commercial real estate in south Florida (the "Commercial Property") and leased space to various tenants, one of which had recently applied for both state and federal licenses to sell medical marijuana. The secured creditor had a first-position mortgage on the Commercial Property. After a decade-long lending relationship soured, the debtor initiated a lender liability action against the secured creditor in state court. The secured creditor

subsequently filed three state court actions against the debtor including, inter alia, an action to foreclosure its mortgage on the Commercial Property (the "Foreclosure Action").

A final judgment was entered in the Foreclosure Action and the state court scheduled a foreclosure sale for the Commercial Property. On the eve of the foreclosure sale, the debtor removed the state court case to federal court, thereby cancelling the sale. The Foreclosure Action was subsequently remanded and a second foreclosure sale was scheduled. Once again, on the eve of the sale, the debtor sought to remove the Foreclosure Action to federal court.

Similarly, the federal court remanded the Foreclosure Action to state court, this time entering an Order enjoining the debtor from any further removals to federal court. The state court once again scheduled a foreclosure sale. In a continued attempt to delay the foreclosure sale, the debtor filed multiple emergency motions, all of which were denied by the state court. Finally, on the day prior to the sale, the debtor filed its chapter 11 bankruptcy petition thereby causing the foreclosure sale to be cancelled for a third time.

The secured creditor immediately sought relief from the Court arguing that most of the factors set forth by the Eleventh Circuit in *Phoenix Piccadilly, Ltd. V. Life Insurance Co. of Virginia* (In re Phoenix Piccadilly, Ltd.), 849 F.2d 1393 (11th Cir. 1988) were present, and that the Court should dismiss the debtor's case, or alternatively, grant relief so that the secured creditor could move forward with its Foreclosure Action.

The Court first laid out the standard for determining whether to dismiss a debtor's case "for cause" based on a bad faith filing. The Court stated that it must consider factors that show an intent to abuse the judicial process and the purposes of the reorganization provisions, and whether there is a realistic possibility of an effective reorganization or if the debtor is merely

seeking to delay or frustrate the legitimate efforts of its secured creditors. The Court went on to note that the following factors in favor of dismissal were present in the debtor's case: (i) debtor only had one true asset, the Commercial Property, (ii) debtor had no employees, (iii) debtor filed its case based on its frustration at the lack of success of its other litigation strategies to avoid a foreclosure of the Commercial Property and (iv) the case was merely a dispute between the secured creditor, the debtor, and several guarantors.

The secured creditor further argued that, notwithstanding the aforementioned factors, the debtor's plan relied on income generated from a tenant of the Commercial Property selling marijuana, and that courts had universally held that a plan funded by the sale of marijuana could not be confirmed. In response, the Debtor asserted that the tenant was preparing to file the appropriate licenses under state and federal law necessary to sell marijuana, and thus, the proposed plan was confirmable. Debtor in the within matter has no such legality concerns.

The Court pointed out that the law is clear in that a plan of reorganization funded through income generated through selling marijuana cannot be confirmed unless the entity selling the marijuana is legal under both state and federal law. Furthermore, because the debtor's plan, as currently constructed, relied upon the uncertainty of its tenant obtaining both a state and federal license to sell marijuana, the Court found that the feasibility requirement for confirming a plan could not be met.

Despite some of the foregoing factors weighing heavily in favor of dismissal, the Court <u>denied the secured creditor's motion to dismiss the debtor's bankruptcy case</u>. Instead, the Court granted the secured creditor relief from stay, but gave the debtor fourteen (14) days to file an amended plan that did not depend on the sale of medical marijuana as a source of income.

Again, the within matter has a more favorable fact pattern as set forth in the Mendy Declaration. There is no basis for dismissal based upon the analysis in *In Re Arm Ventures, LLC*. Because the within case has a more favorable fact pattern, debtor requests that relief from the stay is also denied and that debtor instead be given a chance at a reorganization plan.

In *In re Mirant Corp. and NLRB v. Bildisco & Bildisco*, the Court stated that the "fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources."

Additionally, in *In re 1701 Commerce, LLC*, the senior lender had sought dismissal of the chapter 11 case under section 1112(b) or, alternatively, relief from the automatic stay under section 362(d). Under sections 1112(b)(1) and 362(d)(1), a bankruptcy court "shall," respectively, dismiss the case or terminate, annul, modify, or condition the stay if it finds "cause." Section 1112(b)(4) sets forth a nonexclusive list of what constitutes "cause" requiring a court to dismiss the case, <u>but a finding of bad faith is not listed</u>. Similarly, section 362(d)(1) includes one example of "cause" that would warrant relief from the stay, but that example is not a finding of bad faith.

The Fifth Circuit has noted that "for cause" is "not defined in the statute so as to afford flexibility to the bankruptcy court" and that "[n]umerous cases have found a lack of good faith to constitute 'cause' for lifting the stay to permit foreclosure or for dismissing the case." Instead of enunciating a per se rule, the Fifth Circuit has set forth factors for courts to use to identify a bad faith filing and stated that "[d]etermining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities."

Although the 1701 Commerce court found many of the bad faith factors present, the hotel was an "operating business" sharing many attributes of a single-asset real estate venture that "would invoke Chapter 11 in good faith".

## Conclusion

For all of the reasons set forth herein, the Court should implement a stay pending appeal.

Respectfully Submitted,

/S/ JARED A. GEIST, ESQ.