Jeffrey Schreiber, Esq.
NJ Attorney ID: 041751990
Samantha L. Frenchman, Esq.
NJ Attorney ID: 156812015
**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
Tel: (732) 432-0073

*Attorneys for Creditor Accolend, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In Re: | Case No. 19-21051 |
|---|---|
| | Chapter 7 |
| | Hearing Date: November 19, 2019 |
| PALMETTO CONSTRUCTION SERVICES, LLC | Honorable Vincent F. Papalia |

**SECURED CREDITOR ACCOLEND, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR A STAY PENDING APPEAL**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 2

ARGUMENT ............................................................................................................................ 1

    I.   THE COURT SHOULD DENY DEBTOR'S MOTION FOR A STAY PENDING APPEAL ......................................................................................................................... 1

        a.  Legal Standard ................................................................................................. 1

        b.  Debtor Has No Likelihood of Success on The Merits of The Appeal .............. 2

        c.  Debtor Will Not Suffer Irreparable Harm Without a Stay ................................ 4

        d.  Accolend Will Be Substantially Harmed by a Stay .......................................... 4

        e.  Public Interest Does Not Weigh in Favor of Debtor ......................................... 5

CONCLUSION ......................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*C-TC9th Avenue Partnership*,
    113 F.3d 1304 (2d Cir. 1997) ................................................................................................ 3

*Hilton v. Braunskill*,
    481 U.S. 770 (1987) ............................................................................................................... 2

*In re A-1 Specialty Gasolines, Inc.*,
    238 B.R. 876 (Bankr. S.D. Fla. 1999) .................................................................................... 3

*In re Arm Ventures, LLC*,
    564 B.R. 77 (Bankr. S.D. Fla. 2017) .................................................................................. 3, 4

*In re Giambrone*,
    600 B.R. 207 (E.D.N.Y. 2019) ............................................................................................... 4

*In re Revel AC, Inc.*,
    802 F.3d 558 (3d Cir. 2015) ................................................................................................... 2

*Philippines v. Westinghouse Elec. Corp.*,
    949 F.2d 653 (3d Cir. 1991) ................................................................................................... 2

*Pierce v. Bartkowski*,
    2018 WL 6331797 (D. N.J. Dec. 3, 2018) ............................................................................. 2

**Statutes**

11 U.S.C. § 362(d)(4) ................................................................................................................... 4

**Rules**

Federal Rule of Bankruptcy Procedure 8007 ............................................................................. 1, 5

Creditor Accolend, LLC f/k/a Asset Lending and Loans, LLC ("Accolend") respectfully submits this brief in opposition to debtor Palmetto Construction Services, LLC's ("Debtor's") motion for a stay pending the appeal, pursuant to Fed. R. Bankr. P. 8007(a)(1)(A).

## PRELIMINARY STATEMENT

Debtor seeks a stay pending its appeal of the Bankruptcy Court's October 17, 2019 Order ("Order") converting the within bankruptcy from Chapter 11 to Chapter 7. However, Debtor cannot satisfy the requisite factors in obtaining a stay as the appeal itself is without merit, the Debtor has not shown that it will suffer irreparable harm, Accolend will be substantially prejudiced by the re-issuance of a stay, and no public interest is served by the re-issuance of a stay. Thus, the Court should deny Debtor's motion.

In the unlikely event that the Court grants Debtor's motion for a stay, which it should not, the stay should be contingent on Debtor, within twenty-four hours, posting a substantial bond sufficient to make Accolend whole for any delays attendant to the appeal, which must be equal to at least the full amount of the debt. Given that Accolend's security is at risk as a result of the vacancies at the properties and no adequate assurance payments have been made – despite the Court's Order to do so – the requirement of a bond should be imposed on Debtor as a condition of any stay. However, in any event, no such stay should be granted for the reasons set forth below.

## ARGUMENT

**I. THE COURT SHOULD DENY DEBTOR'S MOTION FOR A STAY PENDING APPEAL**

   **a. Legal Standard**

Under the Federal Rule of Bankruptcy Procedure 8007, a party can move to stay the effect of a bankruptcy court order pending a resolution on appeal. Fed. R. Bankr. P. 8007. The considerations in granting or denying such a stay are substantially the same as those required to

1

obtain a preliminary injunction:

> (1) Whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Rep. of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 658 (3d Cir. 1991); *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).  While Courts consider the relative strength of the four factors to determine whether a stay should be granted, the first two factors are the most critical.  *In re Revel AC, Inc.,* 802 F.3d 558, 568 (3d Cir. 2015); *Pierce v. Bartkowski,* 2018 WL 6331797 *2 (D. N.J. Dec. 3, 2018).

Debtor's motion does not satisfy the four-factor test as there is no likelihood of success on the merits of the appeal, it cannot show irreparable harm, the prejudice to Accolend is substantial, and public interest is not on Debtor's side.

### b. Debtor Has No Likelihood of Success on The Merits of The Appeal

Debtor cannot satisfy the initial factor required to obtain a stay pending appeal as it has not shown – and cannot show – a likelihood of success on the underlying appeal, which, like this motion, is entirely without merit.

According to Debtor's moving papers, the primary basis for the appeal of the Court's Order converting the instant bankruptcy proceeding from a Chapter 11 to a Chapter 7 bankruptcy is that Debtor was supposedly deprived of notice of the possibility of conversion, because Accolend moved for dismissal of the bankruptcy and the Trustee's statement in support of Accolend's motion discussed conversion but ultimately supported dismissal.  This purported basis is wholly without merit.

First, the Court made clear in its decision on the record at the October 16, 2019 hearing that it is entitled to look to conversion as an alternative to dismissal *sua sponte*.  Transcript of

Hearing on October 16, 2019 at page 31; *citing C-TC9th Avenue Partnership,* 113 F.3d 1304 (2d Cir. 1997); *See also In re A-1 Specialty Gasolines, Inc.,* 238 B.R. 876 (Bankr. S.D. Fla. 1999).

Second, Debtor completely ignores the fact that its principal Mr. Mendy advocated for Chapter 7 conversion in his own papers filed in opposition to the motion to dismiss and lift the stay. (Docket No. 80 at pages 18-21). For multiple pages, Mr. Mendy argues that a conversion to Chapter 7 is in the best interest of the Debtor and creditors. Thus, the claim that Palmetto had no notice that the Bankruptcy could be converted to a Chapter 7 bankruptcy is nonsensical as Debtor's principal himself argued for same.

In addition, Debtor argues that the appeal may be successful because the Court did not consider its pending retention motions before the Court issued its Order. This is equally illogical. The pending retention motions, all of which were renewed after the Court denied the Debtors' initial retention motions, would have had absolutely no bearing on the determination of whether the bankruptcy should be dismissed or converted. Even if the Court had granted Debtor's pending retention motions, the outcome of the conversion Order would not be any different.

Finally, Debtor likens this case to *In re Arm Ventures, LLC,* 564 B.R. 77 (Bankr. S.D. Fla. 2017) stating that the case is on point but purportedly contains facts less favorable than the instant action. Debtor spends three pages of its moving brief discussing *In re Arm Ventures, LLC* but completely misses the ultimate holding – which is that because the court determined in that case that there was a significant non-insider creditor in addition to the creditor seeking dismissal, the court decided not to dismiss the bankruptcy**, but the Court did lift the automatic stay to allow the movant to pursue its enforcement claims against the debtor**. Here, there is no significant non-insider creditor other than Accolend. The largest unsecured creditor is Mr. Mendy himself followed by a series of his family members and admitted friends – clear insiders – who are

3

allegedly owed a few thousand dollars in unsecured debt. Nonetheless, even if the court were to find those insider unsecured creditors to be likened to the significant non-insider creditor in *In re Arms Ventures, LLC,* the stay is still not appropriate as the Court lifted the stay in *In re Arm Ventures, LLC.*

### c. Debtor Will Not Suffer Irreparable Harm Without a Stay

Debtor claims that without the stay pending appeal it will suffer irreparable harm as it will "lose everything," because Accolend will proceed with the foreclosure sales of the four properties that secure Accolend's claims. However, "[t]he fact that [Debtor's] property will be sold absent a stay does not automatically constitute irreparable harm." *In re Giambrone,* 600 B.R. 207, 213 (E.D.N.Y. 2019) (denying Debtor's motion for a stay pending appeal even though the estate's property was at risk of being sold prior to the determination of the appeal). This is especially true here where Debtor cannot show a likelihood of success on the merits of the appeal, and thus a stay would solely serve to delay and/or hinder liquidation of the real property – the exact justification for lifting a stay under § 362(d)(4) of the Bankruptcy Code. 11 U.S.C. § 362(d)(4); *See also, Id.*

### d. Accolend Will Be Substantially Harmed by a Stay

While harm to the Debtor essentially remains status quo with or without the stay pending appeal, Accolend, on the other hand, will be subject to further, significant harm to its claims. It is undisputed that the four properties held by Debtor are the main assets of the bankruptcy estate and the longer they sit vacant and exposed to waste, damage and potential liability they continue to depreciate in value, thus eroding Accolend's security.

Moreover, Accolend has been without *any* financial reprieve – not to mention is spending unnecessary litigation costs to defend against Debtor's meritless motion practice – as Debtor failed to make the adequate protection payment of $6,847.84 Ordered by the Court on October 1, 2019.

Thus, even in the unlikely event that the Court would grant the within motion, it would undoubtedly be appropriate for the Court to impose a bond requirement pursuant to the Federal Rule of Bankruptcy Procedure 8007(c) in at least the amount of the debt to protect Accolend's claim. However, Debtor has no ability to post any bond, which is likely why the mention of a bond is glaringly absent from its moving papers. As stated above, Debtor failed to make the adequate protection payment claiming at the October 16, 2019 hearing that it lacked the funds to do so, and according to the most recent statement Debtor filed with the Bankruptcy Court (Docket No. 53), Debtor only has $124 in total in the bank. Thus, it would be impossible for Debtor to obtain a bond – which the Court should require due to the substantial financial risk posed by the issuance of a stay at this juncture.

    e. **Public Interest Does Not Weigh in Favor of Debtor**

Lastly, as Debtor admits, there is no overarching public interest served by the issuance of a stay. Public Interest is, however, hindered by the re-imposition of the stay as the stay would allow Debtor, who has already shown bad faith in filing its Chapter 11 bankruptcy, to continue to use the Bankruptcy Code to evade liability and further delay and hinder the secured claim in this case.

Thus, overall, Debtor's motion must be denied.

## CONCLUSION

For the foregoing reasons, this Court, respectfully, should deny Debtor's motion for a stay pending appeal.

Dated: East Brunswick, New Jersey
November 12, 2019

>Respectfully Submitted,
>
>**MEISTER SEELIG & FEIN LLP**
>
>/s/Jeffrey Schreiber
>Jeffrey Schreiber, Esq.
>NJ Attorney ID: 041751990
>Samantha L. Frenchman, Esq.
>NJ Attorney ID: 156812015
>
>*Attorneys for Creditor Accolend, LLC*